## McCown v. Wilson.

### Opinion delivered November 1, 1909.

WITNESSES—IMPEACHMENT.—Where a bookkeeper testified to the correctness of the account sued on by plaintiff, it was not admissible to impeach him by proof that he had made a mistake in stating the account of a third person.

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; reversed.

*Thomas, Lee & Smith,* for appellant.

The verdict is so clearly against the weight of the evidence as to shock one's sense of justice. 21 Ark. 468; 24 Ark. 224; 13 Ark. 71; 8 Ark. 155; 10 Ark. 309; 26 Ark. 309; 39 Ark. 491; 70 Ark. 136; 75 Ark. 262; 115 S. W. 942.

*R. D. Rasco,* for appellee.

Incompetent evidence must be objected to when offered, otherwise the objection is waived. 72 Ark. 371. The mortgage secured nothing except the amount due at the date of maturity of the mortgage. 50 Ark. 256. A creditor cannot apply payments elsewhere than according to directions. 54 Ark. 444. The verdict of a jury will not be disturbed when supported by legal testimony. 73 Ark. 377; 75 Ark. 111; 67 Ark. 531; 76 Ark. 326; 67 Ark. 399; 74 Ark. 478; 76 Ark. 115.

WOOD, J. This suit was begun in the justice's court to replevin certain property mortgaged to secure a note executed by appellees to J. H. Merritt & Company, September 9, 1905, for the sum of $253. J. H. Merritt & Company was a partnership composed of J. H. Merritt and W. A. Merritt. The firm was engaged in the mercantile business. The note and mortgage were executed to cover an account that appellees had contracted with J. H. Merritt & Company. The defense was payment, and this presented a question of fact upon which there was a sharp conflict in the evidence. During the progress of the trial a witness, W. P. Ruffin, testified as follows:

"Q. Have you had any business transaction with the firm of J. H. Merritt & Company? A. I guess I have; I have been trading with that house at least about 20 or 22 years. Q. Do you remember about a short time ago, some time within a year, that

Mr. Burnett, in looking through the books, told you that you owed them a certain amount, secured by note and mortgage? A. Yes, sir. Q. If you remember the incident, tell the jury how it was? A. In the spring of the year 1907, this spring a year ago, I went to Mr. McCown's store here. I had been dealing with the house there for a long time, and told Mr. McCown that I would like to make arrangements to get supplies last year, and he says: 'Mr. Burnett will fix up the papers,' and we went into a room, and we hadn't been in there but a while, and he got out some papers, but before he got to writing any he said to me, 'What are you going to do with this old J. H. Merritt account' that I owed them? I said that I didn't owe them nothing. He said: 'You do.' And I said: 'No, you are mistaken. I didn't owe them a cent; I paid that off quite a while ago.' and he said: 'Mr. Ruffin, you don't dispute the account, do you?' And I said: 'Yes, I do.' . And he said: 'Here it is,' and carried me to the books and showed me where it was on the books charged up thirty-some-odd dollars, and I said I did not owe it, and finally he contended that I did, and it made me a little vexed, and I just pointed my forefinger at him and said, 'Mr. Burnett, I am a poor man, but if you will produce that note and mortgage I will pay it before sundown,' and he went into the desk where he kept a little book of notes and looked through the papers, and he just turned around, and said: 'I guess you have got her.' There have been no words said about it from that day to this."

This evidence was objected to by appellant, and he duly excepted to the ruling of the court in admitting it, and and makes such ruling one of the grounds of his motion for new trial.

The evidence was wholly irrelevant and incompetent. It was likewise prejudicial. It tended to make the jury believe that Burnett, the bookkeeper, who had charge of the settlement of the accounts of J. H. Merritt & Company, had failed to give proper credit to a customer who had paid his account, and after the account had been paid still carried the account on the books as a subsisting obligation. This was the same bookkeeper, too, who was in charge of the books at the time appellees claimed to have paid the account (rather note evidencing same in suit), and who testified that the note in suit had not been paid. . The purpose of the testimony was to show that if the bookkeeper had failed

to give proper credit to one customer who had paid his account, such fact would show that he had also failed to give appellees proper credit. Moreover, it tended to prejudice the testimony of the bookkeeper, who was an important witness for appellant, and to impeach his evidence without laying the proper foundation for such impeachment. This is the only error we find in the record; but for this the judgment is reversed, and the cause remanded for new trial.